IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES ALLEN CROSS,
    Petitioner,

vs.                                       Case No.:  3:07cv312/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

       This matter is before the court on Petitioner's notice of voluntary dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2254 (Doc. 45) and order to show cause (Doc. 46).  As grounds for dismissal, Petitioner states he has not exhausted his state court remedies with respect to his claims (Doc. 45).  Petitioner requests dismissal of this habeas action without prejudice to his refiling at a future time (*id.*).  Alternatively, Petitioner requests appointment of counsel in order to pursue his habeas petition (*see* Doc. 46).

       With respect to Petitioners notice of voluntary dismissal of his habeas petition (Doc. 45), Rule 41(a)(1) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer, or files a motion for summary judgment.  Because Respondent has not yet served an answer in the instant case, it is clear that Petitioner is automatically entitled to a voluntary dismissal at this time.  The dismissal should be without prejudice to Petitioner's refiling the petition when his all of his claims have been exhausted.  However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments.  The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction

or other collateral review is pending is not counted.  *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).  Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1).  *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)).  Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Alternatively, Petitioner asserts in his order to show cause (Doc. 46) that he requires counsel in this case due to his lack of knowledge of the "U.S. Constitution, procedures, and timetables" and due to his limited access to the law library (*id.* at 4).  The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified in only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  This rule extends to post-conviction proceedings.  *See* Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991); Pennsylvania v. Finley, 481 U.S. 551, 554, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987);  Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990).

Although there is no constitutional authority for the appointment of counsel in civil cases, there is statutory authority for appointing counsel in habeas corpus actions brought under 28 U.S.C. §§ 2241, 2254, and 2255; this authority may be found in the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(2)(B).  Section 3006A(2)(B) of the CJA provides in relevant part:  "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(2)(B).  Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in:  (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases.  James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed. 1998).  A district court does not abuse its discretion,

by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *See* Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991). The court does not view the case as complex; therefore, Petitioner's motion for appointment of counsel will be denied.[1]

Accordingly, it is hereby **ORDERED**:

Petitioner's Order to Show Cause, construed as motion for the appointment of counsel (Doc. 46), is **DENIED** without prejudice.

And, it is respectfully **RECOMMENDED**:

That Petitioner's notice of voluntary dismissal (Doc. 45) be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this 19th day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Furthermore, the court notes that in Petitioner's notice of voluntary dismissal, he acknowledges that he has not exhausted his state court remedies, but states that a state public defender "has now been appointed" for "appellate purposes" (*see* Doc. 45).

Case No.: 3:07cv312/RV/EMT